IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01250-MJW

LEONARD TOBY SALAZAR,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Plaintiff is not disabled for purposes of the Social Security Act. Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

### Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-*

*Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Discussion

At the second step of the Commissioner's five-step sequence for making determinations,[1] the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease, degenerative joint disease of the bilateral shoulders, obesity, and uncontrolled hypertension." (AR 24.) Together with Plaintiff's non-severe limitations, the ALJ then determined that Plaintiff has the following residual functional capacity ("RFC"), as is relevant here:

> [Plaintiff] has the residual functional capacity to perform light work . . . with a sit-stand option at approximately 45-minute intervals. He would not be off task while shifting and/or alternating positions. The claimant can never operate foot controls bilaterally, never crawl or climb ladders, ropes, or scaffolds. The claimant can occasionally crouch. He can frequently reach above shoulder level bilaterally. The claimant must avoid concentrated exposure to extreme cold, extreme heat, unprotected heights, and hazardous or moving machinery.

(AR 25.) At the fourth and fifth steps of analysis, the ALJ found both that "the claimant retains the capacity to perform 'past relevant work'" and in the alternative that "there are other jobs existing in the national economy that he is also able to perform," thus determining "that Plaintiff is not disabled." (AR 30.)

Plaintiff asserts two errors: first, that the ALJ improperly weighed medical opinions; second, that the ALJ's credibility determination was not supported by substantial evidence.

---

[1] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

3

**I.     Weighing Medical Opinions**

The Commissioner is required to evaluate all evidence meeting the definition of a "medical opinion" according to specific rules. 20 C.F.R. § 404.1527. The weight to be given to an opinion must be based on "examining relationship," "treatment relationship," "supportability," "consistency," "specialization," and "any [other] factors . . . which tend to support or contradict the opinion." § 404.1527(c)(1)-(6). Medical opinions that come from a "treating source" receive preferred treatment, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [] impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." § 404.1527(c)(2). Thus, if a treating source provides a medical opinion, the opinion will be given controlling weight if it (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "is not inconsistent with the other substantial evidence in [the] record." *Id.*

Even if it is not given controlling weight, a treating opinion will nonetheless be weighed along with all other opinions. An RFC assessment must resolve each limitation proffered by a medical opinion—either adopting it, reconciling it with conflicting evidence, or explicitly declining to adopt it for specific reasons. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not

4

required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." (internal citation omitted)).

Here, the ALJ summarized the medical evidence, including medical opinions, then concluded with this paragraph:

> After reviewing the record as a whole, including the claimant's hearing testimony, I find there is no support for restricting the claimant beyond a light exertional level. I accord partial weight to Dr. Oladiran's opinion. Dr. Oladiran's physical examinations and other records support restricting the claimant's reaching and lifting/carrying, but they do not support limiting the claimant's standing and walking beyond that required for a light level of work with a sit-stand option to either shift or change between sitting and standing at 45-minute intervals. . . .

(AR 29.) Plaintiff argues that Dr. Oladiran's opinion should have received controlling weight or, failing that, more than the "partial" weight given.

The Court disagrees. The ALJ did not explicitly consider whether or not to give Dr. Oladiran's opinion controlling weight, but the ALJ's reasoning was nonetheless on point. The ALJ found that the some of the restrictions suggested by Dr. Oladiran were not well-supported by medically acceptable clinical and laboratory diagnostic techniques, and were not consistent with the overall record. These are the proper factors for determining whether to assign controlling weight. § 404.1527(c)(2). They are also the proper factors for determining whether to assign any weight. § 404.1527(c)(3), (4). The ALJ thus applied the correct legal standards; so long as the findings were supported by substantial evidence, they are unassailable here.

5

Although the ALJ's discussion was less explicit than it perhaps should have been, the evidence supporting these findings was spelled out elsewhere in the opinion—specifically, in the five preceding paragraphs, in which the ALJ carefully reviewed the medical evidence of record and noted repeatedly that medical testing uniformly showed mild to moderate conditions and highly conservative treatment. The ALJ's reasoning was plain enough to allow meaningful review in this Court, and the ALJ quite correctly found that the medical evidence supported Dr. Oladiran's opinions as to "reaching and lifting/carrying," but not as to "the claimant's standing and walking beyond that required for a light level of work with a sit-stand option." (AR 29.) ALJ's findings were supported by substantial evidence.

Accordingly, the Court rejects Plaintiff's arguments as to Dr. Oladiran's opinion.

## II.   Credibility Determinations

"Credibility determinations are peculiarly the province of the finder of fact," and the Court "will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F2d 1125, 1133 (10th Cir. 1988). When evaluating a claimant's subjective statements regarding pain, an ALJ should consider factors such as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the

> consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id.* at 1132; *see also Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7P, 1996 WL 374186 (July 2, 1996). The ALJ need not perform "a formalistic factor-by-factor recitation of the evidence" but nonetheless must "set[] forth the specific evidence he relies on in evaluating the claimant's credibility." *See Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000).

> The ALJ's relied on the following points in the credibility analysis:
>
> Despite his alleged impairments, the claimant reported he could attend to most of his personal needs independently such as caring for his hair, shaving, and feeding himself; he could prepare complete meals; he could perform light housework including making his bed and washing laundry; he could exercise daily. The claimant reported he could walk and drive a vehicle for transportation and go grocery shopping. . . . These reported activities demonstrate the claimant is more capable than he alleged.
>
> Additionally, the claimant worked after his alleged onset date. He reported working on a part-time basis between 2010 and 2012 as a merchandiser, with an average of 9 hours of work per week. The claimant also reported he did not receive any special work conditions or accommodations due to his impairments during this nearly two-year period of employment. Although that work activity does not constitute disqualifying substantial gainful activity, it does indicate the claimant's activities may have, at times, been somewhat greater than reported.
>
> Of note, the claimant alleged disability beginning in July 2009, but he did not submit evidence of treatment for any medically determinable impairment before February 2013 – over two years later. . . .
>
> The objective medical evidence submitted does not support the claimant's allegations of disabling symptoms and limitations. Instead, it supports restricting the claimant to the range of light work described in the residual functional capacity. . . .

7

(AR 27 (internal citations to the record omitted).) The ALJ then went on to review the objective medical evidence and the opinion evidence. Plaintiff sees several mistakes in this analysis.

Plaintiff argues first that the absence of objective corroborating evidence is an improper consideration. Plaintiff is correct that an ALJ may not discredit a claimant's allegations of pain simply because they cannot be objectively proven. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) ("[T]he absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, but a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations."). But Plaintiff's argument nonetheless fails because the ALD did not cite the absence of objective corroborating evidence. Rather, the ALJ relied on the presence of objective *contradicting* evidence. This is a proper consideration, *see* 20 C.F.R. § 404.1529 ("Your symptoms, including pain, will be determined to diminish your capacity for basic work activities *to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence* and other evidence." (emphasis added)), and it is supported by substantial evidence. It is therefore not reversible error.

Plaintiff argues first that short-term, sporadic activities do not negate his claims of disability. This, too, is true so far as it goes. *See Thompson*, 987 F.2d at 1490. But again, it's not an accurate description of the ALJ's reasoning. The ALJ did not rely on Plaintiff's sporadic activity to show that Plaintiff was capable of working, but rather to

show that Plaintiff exaggerated the severity of his symptoms.  This, too, is legally proper, *see Huston*, 838 F.2d at 1132 (ALJ should consider "the nature of daily activities"), and it is supported by substantial evidence; it is therefore not reversible error.

Finally, Plaintiff argues that his inability to seek more thorough treatment cannot be held against him without first establishing whether he had good cause for refusing treatment (such as an inability to pay).  And again, it is true that an ALJ cannot use a claimant's medical noncompliance against them unless certain conditions have been met.  See *Thompson*, 987 F.2d at 1490.  But again, this argument mischaracterizes the ALJ's reasoning.  The ALJ did not rely on Plaintiff's refusal to follow treatment, but rather his failure to *seek* treatment.  This, too, is legally proper, *see Huston*, 838 F.2d at 1132 (ALJ should consider "the extensiveness of the attempts (medical or nonmedical) to obtain relief"), and is supported by substantial evidence; it is therefore not reversible error.

Accordingly, the Court rejects Plaintiff's arguments as to the ALJ's credibility determination.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

Dated this 14th day of April, 2016.

                                                   BY THE COURT:

                                                   */s/ Michael J. Watanabe*
                                                   MICHAEL J. WATANABE
                                                   United States Magistrate Judge